UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

WILLIAM E. HAMILTON; DAVID
ZEHNER; and ANTHONY SCRO,

                Plaintiffs,

  -against-                                    5:11-CV-00986 (LEK/ATB)

THE BOARD OF EDUCATION OF THE
JORDAN-ELBRIDGE CENTRAL
SCHOOL DISTRICT; PAULA
VanMINOS; and LAWRENCE J.
ZACHER,

                Defendants.

## MEMORANDUM-DECISION and ORDER

**I.    INTRODUCTION**

Plaintiffs commenced this action on May 17, 2011 by filing a Complaint in the New York State Supreme Court in Onondaga County. Dkt. No. 1-2 ("Petition"). This action was removed to federal court in the Northern District of New York on August 18, 2011, pursuant to a Notice of Removal filed by Defendant The Board of Education of the Jordan-Elbridge Central School District ("District" or "the District"). Dkt. No. 1 ("Notice of Removal"). Presently before the Court are a Motion to remand filed on September 19, 2011 by Defendant Paula VanMinos ("VanMinos"), a Motion to remand filed on September 19, 2011 by Plaintiffs William E. Hamilton, David Zehner, and Anthony Scro (collectively, "Plaintiffs"), and a Motion to remand filed on October 5, 2011 by Defendant Lawrence J. Zachner. Dkt Nos. 4 ("Motion to Remand"), 5 ("First Motion to Remand to State Court by Plaintiffs"), 10 ("Motion to Remand"). The District also filed a Memorandum of law in opposition to the Motions for remand on October 4, 2011. Dkt. No. 8 ("Memorandum of Law"). For the reasons stated below,

the Motions to remand are granted.

## II.     BACKGROUND

The initial action in this case is a combined Article 78 and Declaratory Judgment proceeding commenced by Plaintiffs on May 17, 2011. Petition ¶ 2. The action stems from a Board resolution approving a new employment agreement for VanMinos on February 2, 2011. Id. ¶ 9. Generally, Plaintiffs allege, *inter alia*, that this employment agreement was negotiated in secret and not in good faith and that it contained provisions, enhancements, and benefits that violated public policy and constituted an unconstitutional use of public funds. Id. ¶¶ 18, 20, 32, 33, 40, 43. Plaintiffs further allege violations of the New York Public Officers Law including – but not limited to – failure to publicly provide statutorily required documents related to the resolution and agreement; delays in or failure to respond to FOIL requests; and concealment of terms and conditions of the new agreement. Id. ¶¶ 15, 44, 45, 48, 49, 50.

Plaintiffs seek an order declaring that the employment agreement is null and void because it was approved in violation of Article 7 of the New York Public Officers Law and in violation of public policy regarding the appointment of certified employees to tenure pursuant to Education Law § 3012. Id. ¶ 15. Plaintiffs seek further, as provided by the Public Officers Law, orders that the District cease and desist from using four allegedly systemic practices in violation of New York's FOIL law ("FOIL"), produce documents previously requested pursuant to FOIL, and pay Plaintiffs' costs and attorney's fees incurred in prosecuting the proceeding. Id. ¶ 15.

On July 27, 2011, Defendant VanMinos filed her verified Answer, Cross Claims and Counter Claims. Dkt. No. 1-7. Cross claims asserted against the District include allegations of violations of the state whistle blower laws, the Consolidated Omnibus Budget Reconciliation Act, 42 U.S.C. §

1983, and the Public Officers Law, as well as detrimental reliance and breach of contract. Id. ¶¶ 133-34, 137-39, 143-46, 148-55, 158-63, 164-67.[1]

Because VanMinos's cross claims included allegations that raised federal questions under 42 U.S.C. § 1983 and 29 U.S.C. § 1161, the District filed a Notice of removal on August 18, 2011 pursuant to 28 U.S.C. §§ 1441, 1446. Notice of Removal. Soon thereafter, Plaintiffs, VanMinos and Zachner filed the Motions to remand that are presently before the Court.

### III. DISCUSSION

Removal of state actions to federal district court where the federal court has original jurisdiction of the claim is governed by 28 U.S.C. § 1441. When this action was commenced on May 17, 2011 in New York State Supreme Court in Onondaga County, New York, § 1441 provided that:

> (a) Except as otherwise provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> (c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441 (2006), amended by Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat 758 (2011).[2]

---

[1] VanMinos's cross claims allege a due process violation of 18 U.S.C. § 1983 and a COBRA violation under 26 U.S.C. § 1611 – statutes which do not exist. All parties agree that the allegations were meant to be for violations of 42 U.S.C. § 1983 and 29 U.S.C. § 1161, respectively. The Court will likewise recognize those claims as alleged violations of 42 U.S.C. § 1983 and 29 U.S.C. § 1161.

[2] The changes to 28 U.S.C. § 1441 made by the Federal Courts Jurisdiction and Venue Clarification Act of 2011 apply to those actions or prosecutions commenced on or after the expiration of the 30 day period beginning on December 7, 2011. The Act provides that actions commenced in

(continued...)

"When the removal of an action to federal court is contested, the burden falls squarely upon the removing party to establish its right to a federal forum by 'competent proof.'" Fed. Ins. Co. v. Tyco Int'l Ltd., 422 F. Supp. 2d 357, 368 (S.D.N.Y 2006) (citations omitted). A case should be remanded to state court if – at any time before final judgment – it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

In opposition to the Motions to remand, the District argues that removal is proper under 28 U.S.C. §§ 1441 and 1446 because VanMinos's cross claims allege violations of 42 U.S.C. § 1983 and 29 U.S.C. § 1161, both of which are federal statutes arising under the laws of the United States. Mem. of Law at 4. The District posits that "any action based on 42 U.S.C. 1983 is removable to federal district court." Id. Further, the Motions to remand and the District's Memorandum all discuss the nature of the District as a defendant, whether as an original or third-party defendant, to argue whether the District was a proper party to remove under the statute.

The proper focus of the Court's analysis, however, must also be on the nature of the claims in the underlying action. The initial claims filed by Plaintiffs are state law claims, involving the New York State Education Law and Public Officers Law. Compl. There is no federal question involved as neither federal law "creates the cause of action" nor does "the plaintiff's right to relief necessarily depend on resolution of a substantial question of federal law." Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 438 U.S. 1, 27-28 (1983). No diversity of citizenship

---

[2](...continued)
state court and removed to federal court shall be deemed to have commenced on the date the action or prosecution was commenced, within the meaning of the state law, in state court. Pub. L. No. 112-63, § 105, 125 Stat 758 (2011). Plaintiffs commenced this action in New York State Supreme Court in Onondaga County, New York on May 17, 2011. Dkt. No. 1-2; N.Y. C.P.L.R. § 304(a). Therefore, this proceeding is deemed to have commenced before the amendments to 28 U.S.C. § 1441 were in effect. As a result, the prior version of the statute is applicable in this case.

between the parties was established. Thus, Plaintiffs' claims do not invoke federal question or federal diversity jurisdiction and there was no initial basis for removal which would be proper. However, upon VanMinos's filing of her Answer and cross claims against the District, two federal statutes, as discussed, were implicated. See Dkt. No. 1-7. It is upon these cross claims that the District's Notice of Removal is based.

"Federal courts are courts of limited jurisdiction" and thus the removal statutes should be strictly construed. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). While the statutory interpretation of and case law governing removal statutes is well-settled, any doubts should be "resolv[ed] . . . against removability." Gehm v. N.Y. Life Ins. Co., 992 F. Supp. 209, 210 (E.D.N.Y. 1998); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941).

In regards to cross-claims, the clear majority view is that "to the extent that [the removing party] seeks to allege federal jurisdiction through the use of . . . cross-claims, such claims may not serve as the basis of this Court's removal jurisdiction." MTI Residential Services v. Alston, No. 07-CV-2002, 2007 WL 1695161, at *3 (E.D.N.Y. May 31, 2007); see also Palisades Collections LLC v. Shorts, 552 F.3d 327, 336 (4th Cir. 2008), cert. denied, 129 S. Ct. 2826 (2009) (citations omitted) (removal pursuant to § 1441 "refer[s] to defendants in the traditional sense of parties against whom the [original] plaintiff asserts claims" and not to "counter-defendants, cross-claim defendants, and third party defendants"); First Nat'l Bank of Pulaski v. Curry, 301 F.3d 456, 465 (6th Cir. 2002) (removal based on § 1441(c) allows removal only where the original plaintiff joins a federal claim with the original state court action); Arrow Fin. Services, LLC v. Massil, No. 08-CV-437, 2009 WL 348553, at *2 (E.D.N.Y. Feb. 11, 2009) (quoting California *ex rel.* Lungren v. Keating, 986 F.2d 346, 348 ("case [can] not be 'transformed into an action arising under federal law' and rendered eligible for removal

5

"by action of a defendant"); Fed. Ins. Co., 422 F. Supp. 2d at 373 (S.D.N.Y. 2006) (the reference to "the defendant or the defendants" in § 1441 refers to a "distinct" party in the original action against whom the plaintiff asserted claims, not to the parties as established by subsequent pleadings); Wallace v. Wiedenbeck, 985 F. Supp. 288, 291 (N.D.N.Y. 1998) (noting that defenses and counterclaims involving federal law do not establish federal question jurisdiction); § 3722 Removal Based on Federal Question Jurisdiction, 14B Fed. Prac. & Proc. Juris. § 3722 (4th ed.) ("[c]ounterclaims, cross-claims, and third-party claims cannot be the basis for removal under § 1441").

The District is a defendant in the original action brought by Plaintiffs, but is a cross-claim defendant in the action brought by VanMinos. There is no claim in Plaintiffs' original action over which "the district courts of the United States have original jurisdiction" and that "may be removed by the defendant" because the only claims asserted are state law claims that do not require interpretation of federal law to resolve. 28 U.S.C. § 1441(a). The claims for which the district courts would have original jurisdiction are found only in VanMinos's cross-claim. As a cross-claim defendant, the District does not have the right of removal under the majority interpretation. The District has thus failed to meet its burden to show the propriety of removal.[3]

---

[3] Plaintiffs, Van Minos, and the District all note an apparent exception in the Northern District of New York that allows for removal by third-party defendants in limited circumstances when the claim upon which removal is based is "separate and independent" from the non-removable claims. 28 U.S.C. § 1441(c); Mignogna v. Sair Aviation, Inc., 679 F. Supp. 184 (N.D.N.Y 1988). Each party seems to conclude that the exception exists, but they disagree as to whether or not the claims are indeed separate and independent from the underlying action. Notwithstanding that the apparent exception is neither binding on the Court nor consistent with the practices in the majority of jurisdictions, it is also not applicable to this case. As established, the District and VanMinos are defendants in the initial action. Federal Rule of Civil Procedure 13(g) provides that "a pleading may state as a cross claim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action . . . ." FED. R. CIV. P. 13(g). In contrast, under Federal Rule of Civil Procedure 14, when a defending party serves a summons on a *non-party*, "the person served with
(continued...)

As cross claims do not provide a proper basis for removal, the Court lacks subject matter jurisdiction over this case and remand to the New York State Supreme Court in Onondaga County is proper.[4]

## IV.  CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that VanMinos's Motion for remand, Plaintiff's Motion for remand and Zachner's Motion (Dkt Nos. 4, 5, 10) for remand are **GRANTED without costs**; and it is further

**ORDERED**, that the Clerk shall serve a copy of this Order on all parties.

---

[3](...continued)
the summons and third party complaint" is the "third party defendant." FED. R. CIV. P. 14 (a)(1)(2). Thus, the District is a "coparty" not a "third party defendant." Therefore, the exception relied upon by the parties that applies to third-party defendants is not applicable to the District.

[4] The District argues that VanMinos's COBRA claim is subject to federal preemption as an amendment to ERISA, thus providing a basis for removal to federal court. Assuming *arguendo* that VanMinos is a beneficiary and that her COBRA claim does arise under ERISA, ERISA provides that "except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by a . . . beneficiary . . . . State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under paragraph (1)(B) and (7) of subsection (a) of this section." 29 U.S.C. § 1132(e). Subsection (a)(1)(B) of ERISA provides that "a civil action may be brought by (1) a participant or beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a). In her cross claim, VanMinos seeks as damages for the District's alleged violation of COBRA "an order enjoining the District from cancelling health insurance for her, her husband, and children without at least an opportunity to purchase it herself." Dkt. No. 1-7 ¶ 139. Thus, it appears the relief VanMinos seeks falls squarely into § 1132(a)(1)(B) to recover or enforce her rights due under the plan. As plainly stated in the statute, state courts have concurrent jurisdiction of a claim arising under § 1132(a)(1)(B), and therefore the Court does not have exclusive jurisdiction.

**IT IS SO ORDERED.**

DATED:   June 25, 2012
         Albany, New York

Lawrence E. Kahn
U.S. District Judge